**U.S. Department of Justice**

*DAVID J. FREED*
*United States Attorney*
*Middle District of Pennsylvania*
*Website: www.justice.gov/usao/pam/*
*Email: usapam.contact@usdoj.gov*

---

| | | |
|---|---|---|
| *William J. Nealon Federal Building* | *Ronald Reagan Federal Building* | *Herman T. Schneebeli Federal Building* |
| *Suite 311* | *Suite 220* | *Suite 316* |
| *235 N. Washington Avenue* | *228 Walnut Street* | *240 West Third Street* |
| *P.O. Box 309* | *P.O. Box 11754* | *Williamsport, PA  17701-6465* |
| *Scranton, PA  18503-0309* | *Harrisburg, PA  17108-1754* | *(570) 326-1935* |
| *(570) 348-2800* | *(717) 221-4482* | *FAX (570) 326-7916* |
| *FAX (570) 348-2037/348-2830* | *FAX (717) 221-4493* | |

*Please respond to: Harrisburg*

August 27, 2019

By ECF

The Honorable Malachy E. Mannion
United States District Judge

    Re:   *United States v. Leovijildo Mitra-Hernandez,* No. 1:19-CR-67

Your Honor:

    I write to address four matters in the Defendant's letter brief dated August 20, 2019.

    First, the Defendant argues, "when asked by the officer's informant to send a picture of whom the officers were seeking on December 18, 2018, when they arrested Hernandez, Cabrera sent a picture of another man: Carlos Bailon-Bazan, not the DHS photo of Ramiro." Def. Letter at 1, 4. The testimony cited is from the Defendant. As Officer Cabrera noted in response to the Court's questions, however, that photo of Bailon-Bazan was sent more than 7 hours after the defendant's arrest. Moreover, Officer Cabrera testified that photo had nothing to do with the defendant or his arrest.

    Second, the Defendant argues Officer Cabrera's supplemental report was written thirty days after the arrest when he learned the Defendant was challenging the stop "and because he knew his partner's report was full of 'inconsistencies' and 'untruths.'" Def. Letter at 2. As he testified, however, Officer Cabrera wrote his supplemental report because he reviewed the Defendant's version of the events and believed *the Defendant's version* contained inconsistencies and untruths.

    Third, the Defendant states *Yoc-Us v. Atty. General,* "applied the exclusionary rule in a removal proceeding where state troopers detained an

The Honorable Malachy E. Mannion
August 27, 2019
Page 2

immigrant for purposes of investigating alienage." Def. Letter at 3. The court in *Yoc-Us* did no such thing. To the contrary, "We hold that the exclusionary rule is not generally available in removal proceedings where state or local law officers have violated the Fourth Amendment." *Yoc-Us v. Atty. General,* 2019 WL 3437623 at *9. "We merely conclude that Petitioners should have been allowed to present evidence to support their argument that the misconduct in this case is egregious and warrants suppression. Therefore, we will remand to the BIA to remand to the IJ for an evidentiary hearing." *Id.* at *11.

Fourth, the Defendant cites *United States v. Brown,* 448 F.3d 239 (3d Cir. 2006), to support the premise that the description Officer Cabrera had of Ramiro was not sufficient to raise reasonable suspicion for a stop. Def. Letter at 3. Unlike in *Brown,* Officer Cabrera had a specific address for Juan Ramiro. The specific address from the traffic citation along with the description of Ramiro from the ICE database amounted to more than a mere general description. When an approximately 5' 7" tall male of Hispanic descent walked out of the address on the traffic citation and got into a car, officers had reasonable suspicion to believe he was the Juan Ramiro for whom they were looking.

Sincerely,

DAVID J. FREED
United States Attorney

JAMES T. CLANCY
Assistant U.S. Attorney

copy: Monica D. Cliatt, Esq. (by ECF)